28028. FOSTER v. THE STATE.

MOBLEY, Chief Justice. William Foster appeals from his conviction and sentence for the offense of armed robbery, and from the denial of his motion for new trial, which was on the usual general grounds.

1. The first enumerated error is that the court erred in denying the appellant's motion for new trial without a hearing. It is asserted that this ruling denied him his constitutional right to notice and an opportunity to be heard.

The appellant was jointly indicted with Samuel Shockley. See *Shockley v. State,* 230 Ga. 869, ante. The same contention was made in the *Shockley* case as in the present case, under the same factual situation in regard to the motion for new trial. In both cases the order denying the motion for new trial was by a judge who did not preside at the trial, and the order recited that he denied it without hearing.

We have today held in the *Shockley* case that the statutes pertaining to motions for new trial clearly indicate that a movant for new trial is entitled to a hearing; that the statutory provisions for hearing are consonant with the constitutional requirements for procedural due process; and that a movant for new trial is entitled to be heard on his motion in the trial court before a ruling is made thereon. See *Shockley v. State,* supra.

The trial court in the present case erred in ruling on the motion for new trial of the appellant without a hearing. The case is returned for a hearing and disposition of the motion for new trial.

2. The second enumerated error is that the charge at the sentencing phase of the trial was confusing and ambiguous because the court initially charged the jury that they could set an indeterminate sentence, and later charged the jury that, "according to counsel," they should set a determinate sentence.

After the jury had retired to the jury room the trial judge had them brought back into the courtroom and instructed them that he had not been aware of the change in the law which repealed the indeterminate sentence law, but that his attention had been called to that change, and counsel for the defendant and the State both agreed that this change had been made. He stated that "the law now is" that the jury shall prescribe a specific number of years within the minimum and maximum prescribed by law as the punishment for the crime. He then withdrew the charge on the indeterminate sentence.

Where an incorrect charge has been called to the jury's attention, and withdrawn from them, and a correct charge given, there is no merit in an assignment of error complaining of the incorrect charge. *Shurley v. State,* 210 Ga. 136 (2) (78 SE2d 27).

The jury apparently understood that the judge was giving the charge on the determinate sentence as the law to be applied in the case, and they obviously were not confused by the charge, since they sentenced the appellant to a specific number of years on each count of the indictment against him. There is no merit in this enumerated error.

*Judgment reversed. All the Justices concur.*

Submitted June 22, 1973 — Decided September 5, 1973.

*Hester & Hester, Frank B. Hester, Richard M. Hester,* for appellant.

872

*Lewis R. Slaton, District Attorney, Dennis S. Mackin, James H. Mobley, Jr., Morris H. Rosenberg, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, B. Dean Grindle, Jr., Deputy Assistant Attorney General,* for appellee.