## 30431. PEYTON v. PEYTON.

JORDAN, Justice.

In an action for divorce by appellant-wife, the jury found a common-law marriage to exist, granted appellant a total divorce, and awarded child support. Appellant's amended motion for new trial was denied without hearing upon appellee's motion to dismiss, and appellant appeals.

1, 2. Appellant enumerates as error the trial court's dismissal of her motion for new trial without setting a date for hearing and without conducting the same.

This court recently held that in consonance with constitutional requirements of procedural due process, a movant for a new trial is entitled to a hearing on his motion. *Shockley v. State,* 230 Ga. 869 (199 SE2d 791) (1973); *Foster v. State,* 230 Ga. 870 (199 SE2d 790) (1973). In *Shockley* and *Foster,* a motion on the general grounds accompanied by a rule nisi and supersedeas were filed with the trial court but no hearing was conducted and the judge denied the motion for new trial before the time set for hearing.

In the case sub judice, the motion proceeded to judgment by more indirect circumstances. On May 15, 1973, appellant filed her motion for new trial within the statutory time. Order of the court set hearing on the motion for October 24, 1973. On that date, the transcript of the trial not being complete, the trial court extended the time for hearing. The record next reveals that on March 13, 1974, appellee filed his motion to dismiss on the merits appellant's motion for new trial and included a supporting brief. On August 4, 1975, appellant filed her response including a brief on the merits of her motion, plus an amendment raising a new ground on her motion for new trial. At no time during the interim between the court's continuance and its judgment on the motion, did appellant move the court to set a new date for hearing on her motion for new trial.

We are well aware of a movant's right to a hearing upon a motion for new trial. However, we are also cognizant of the fact that a party, especially in civil proceedings, may waive or abandon that right. Code Ann. § 70-301 (Ga. L. 1965, pp. 18, 30; 1973, pp. 159, 167) provides in part that where a motion for new trial is not heard at the time named in the order it shall stand for hearing at the next term or at such other time in term or vacation as the court may prescribe by order. Its predecessor, Code Ann. § 70-302 (repealed by Ga. L. 1965, pp. 18, 35) provided that where a hearing on a motion for new trial is adjourned to the next term, the motion stands for hearing in term as though no order had been taken. Cases decided under this statute state unequivocally that where the time set for a hearing has been extended, the motion for new trial may stand pending until such time as

the party moves the court to set a later date. *Reid v. Bryant,* 100 Ga. App. 105 (110 SE2d 571) (1959); *McWane Cast Iron Pipe Co. v. Barrett,* 72 Ga. App. 161 (33 SE2d 528) (1945). These cases recognize the principle that the movant on a motion for new trial is in control of the progression of the proceedings via his right to move the court to order a hearing on the same, and that the trial court has no duty to initiate such hearing until requested by one of the parties. The present law under Code Ann. § 70-301 still provides that where a hearing on a motion for new trial is adjourned to the next term, the motion for new trial will carry over from term to term, thereby not altering the results under these cases.

We hold that even though a prior hearing was extended, the trial court is justified in ruling on the merits of a motion for new trial solely upon the briefs submitted whenever the movant responds to his opponent's motion to dismiss his motion for new trial on the merits and fails to move the court for a hearing if one is not presently scheduled. Of course, the judge cannot rule on the motion for new trial before a hearing where the movant files an appropriate rule nisi, as was the case in *Shockley* and *Foster.*

3. In its verdict, the jury provides that the appellee-husband "be required to sell the house at 817 Fairburn Road, S. W. within a reasonable period of time and the equity proceeds from this sale shall be escrowed in a savings account with the interest being used for child support until the child reaches 18. Proceeds then will revert to the defendant (appellee)." Appellant complains that this portion of the verdict is contrary to the law and principles of justice and equity, in that the verdict is grossly inadequate and that the jury is without authority to grant such relief.

The jury awarded appellee $100 a month child support, plus the interest income from the equity proceeds of the sale of the family dwelling. The jury has a wide latitude as to the amount awarded, and even assuming that the evidence would have authorized an award of the house, the award is not so inadequate as to show bias and prejudice. *Elrod v. Elrod,* 231 Ga. 222 (200 SE2d 885) (1973); *Holmes v. Holmes,* 222 Ga. 115 (149 SE2d 84)

(1966).

On the issue of whether the jury has the authority to require appellee to sell the house and place the equity proceeds in trust for the minor child, it suffices to say that this court has recently upheld such awards where the trust corpus reverts to the husband. *Collins v. Collins,* 231 Ga. 683 (203 SE2d 524) (1974); *Fitts v. Fitts,* 231 Ga. 528 (202 SE2d 414) (1973).

4. Appellant contends that the trial court's judgment does not conform to the jury's verdict.

There is no merit to appellant's contention that the trial court erred in directing in his judgment that the savings account trust for the benefit of the minor child should terminate upon the child reaching the age of 18, dies or becomes self-supporting, whichever occurs first. The jury's verdict directed that the trust should end upon the child's reaching age 18. However, the additional limitations added by the court were not matters of substance. The court has the power to reform informal verdicts into such form as to do justice to the parties, according to the pleadings and evidence. *Davis v. Wright,* 194 Ga. 1, 6 (21 SE2d 88) (1942). Compare *Fried v. Fried,* 208 Ga. 861 (69 SE2d 862) (1952). These additional limitations on the life of the trust simply conform the verdict to the purpose and intent of child support.

5. The trial court's judgment provides that withdrawals from actual and accrued interest can be made only with the mutual consent of the father and mother. The jury's verdict only provides that the interest shall be used for the child's support and education, which shows an intention that it be treated as all other child support, i.e., that it be received by the mother to be used for the child's benefit. It would not be to the best interest of the child that money for his support might be tied up while his parents engage in an honest difference of opinion as to how that money should be used.

We are therefore of the opinion that the judgment should have provided for withdrawal of accrued interest for child support by the mother alone rather than with the mutual consent of the father and mother. To this extent there is a material discrepancy between the verdict and the judgment and the trial court's judgment should be

amended accordingly.

We find no other error based on the objection that the judgment does not conform to the verdict.

*Judgment affirmed with direction. All the Justices concur.*

Submitted October 20, 1975 — Decided January 28, 1976.

*Isabel Gates Webster,* for appellant.
*B. J. Smith,* for appellee.