77813. PAGE et al. v. GUIN et al.
(378 SE2d 736)

SOGNIER, Judge.

In the first appearance of the parties in this boundary line processioning case, *Page v. Guin*, 187 Ga. App. 143 (369 SE2d 517) (1988), we held that the findings of the trial court contained an accurate description of the true property line and were supported by the evidence, thereby establishing that the correct boundary line was the one respecting the fence line of the defendants/appellees Guins. Because the fence line curved, the trial court's order established "that the true boundary line shall commence at the uncontested southernmost corner between the two properties and should run in a northwesterly direction in a straight line to the eastern-most point of the first curve in the fence; from there in a straight line to the next eastern-most point, etc., to a point where said line intersects with the property line of an adjoining land owner not a party to this action." Id. at 144. However, this court held in regard to the judgment rendered by the trial court that it was not sufficient of itself to serve as a return of processioning. Thus, we remanded the case to the trial court "to permit either party, within thirty days of remittitur, to present a proposed supplemental order including a plat which would reflect the description contained within the court's order. Without such a plat, the order will serve merely as a rejection of the return of the proces-

sioners though the judgment will, of course, serve as the law of the case concerning the court's findings of fact. However, if either party wishes the judgment to serve as a certified survey as provided in OCGA § 44-4-3, that party may respond to the court's request and submit for the court's approval a surveyor's plat conforming to the findings of fact contained within the judgment." Id. at 147.

Within thirty days of remittitur, the Guins, appellees here and in the earlier case, submitted a proposed supplemental order including a plat which reflected the description contained within the trial court's order. The trial court adopted the order and approved the surveyor's plat. Plaintiffs/appellants Raymond and Gladys Page appeal therefrom.

Appellants' sole enumeration on appeal contains the asserted error that the plat submitted by appellees and approved by the trial court was in direct conflict with the description contained within the earlier order affirmed by this court. However, in their argument before this court, appellants do not contest the accuracy of the plat but instead argue that the line established by the earlier order as reflected in the plat was incorrect, specifically in that the trial court, by drawing straight lines from eastern most point to point on the curving fence, improperly included the property within the curves. The order establishing the line which appellants seek here to challenge anew was affirmed by this court in *Page*, supra, which, as the law of the case, OCGA § 9-11-60 (h); *Blake v. Continental Southeastern Lines*, 168 Ga. App. 718, 720 (309 SE2d 829) (1983), leaves us without authority to consider appellants' enumeration. *Mansell v. Benson Chevrolet Co.*, 165 Ga. App. 568, 569 (1) (302 SE2d 114) (1983).

Appellees have moved this court to impose on appellants a penalty for pursuing a frivolous appeal. There having been no reasonable ground upon which appellants could have anticipated the reversal of an order previously affirmed by this court, a penalty in the amount of $500 is hereby assessed against appellants pursuant to Rule 26 (b) of this court for filing a frivolous appeal. The trial court is hereby directed to enter judgment in favor of appellees in said amount.

*Judgment affirmed and case remanded with direction. Carley, C. J., and Deen, P. J., concur.*

DECIDED FEBRUARY 17, 1989.

*David R. Pittman*, for appellants.
*Ben P. Jackson, Jr.*, for appellees.