A92A2244. In the Interest of T. M. C., a child.

(426 SE2d 247)

Pope, Judge.

Appellant, natural father of T. M. C., filed a motion and amended motion to modify an order of the juvenile court providing for the temporary custody of his minor daughter. Following the first day of the hearing on appellant's motion, it was discovered that the tape used to record the proceedings had malfunctioned and that a portion of appellant's testimony was unrecorded. Appellant, relying on OCGA § 15-11-28 (b), moved the court for a mistrial. The trial court denied appellant's motion and certified its ruling for immediate review. We granted appellant's application for interlocutory appeal, and appellant timely filed his notice of appeal to this court. Held:

OCGA § 15-11-28 (b) provides that a hearing before a juvenile court "shall" be recorded by stenographic notes, electronic, mechanical or other appropriate means "[u]nless waived by the juvenile and his parent, guardian, or attorney. . . ." Appellant did not waive his right in this case, and the juvenile court sought to comply with the provisions of OCGA § 15-11-28 by tape recording the proceedings. The question then is whether a mistrial should have been declared once it was discovered that a portion of the proceedings was unrecorded. Although we agree with the appellee that a failure to record all the proceedings would not necessarily require that the entire proceeding be declared void, it was nevertheless incumbent upon the juvenile court to ensure that a complete record was made. Consequently, once it was discovered that some of the testimony had not been recorded, the juvenile court should have taken affirmative steps to ensure that a record of the omitted testimony was made, by having the parties stipulate to the testimony, by allowing the witness to be re-examined or by any other method which would have ensured that a complete record of the proceedings was made. However, because the problem was not remedied at the time it was first discovered, and due to the passage of time and the break in the proceedings, we do not believe that it would be practical simply to re-commence the hearing at this time. Consequently, appellant is entitled to a new hearing on his modification petition, and to have such hearing recorded in its entirety as mandated by OCGA § 15-11-28. Accord *In re R. L. M.*, 171 Ga. App. 940, 941 (1) (321 SE2d 435) (1984); cf. *In re T. E. D.*, 166 Ga. App. 322 (303 SE2d 777) (1983).

*Judgment reversed with direction. Carley, P. J., and Johnson, J., concur.*

Decided December 3, 1992.

*McGinn, Webb, Warner, Lindsey, Daniel, Lundy & Slepian, R.*

*Dolores Daniel*, for appellant.

*Bischoff & White, James E. Bischoff, Margot S. Roberts*, for appellee.