A95A0234. ALEXANDER v. JONES.
(454 SE2d 539)

BLACKBURN, Judge.

On October 26, 1991, the appellant, Alexander, was injured as a result of an automobile collision which occurred while riding as a passenger in a vehicle driven by a co-worker, Barbara Jones. She later commenced the instant complaint for damages against Jones. Jones, a non-resident, failed to respond to the complaint after service was executed under Georgia's Non-Resident Motorist Act. Alexander moved for the entry of a default judgment and a default judgment was issued on the issue of liability.

The case proceeded to a bench trial on the issue of damages and the bench trial was not recorded by a court reporter. At the close of the trial, Alexander asked the trial court to award her $40,000 in damages, and the trial court instructed Alexander's attorney to prepare a judgment in said amount for his signature. However, upon further consideration of the evidence, the trial court entered judgment in favor of Alexander for $15,000, concluding that the $40,000 requested would be excessive. Alexander subsequently moved for reconsideration of the judgment or, in the alternative, for a new trial, and the trial court denied both motions, concluding that a trial judge has the authority to modify its judgments and that an oral declaration by a judge does not become a judgment of the court until it is reduced to writing. This appeal followed.

1. In her first two enumerations of error, Alexander maintains that the trial court abused its discretion in entering a judgment in the amount of $15,000 following its oral announcement because the un-

controverted évidence supports an award of damages in the amount of $40,000 and there was no meritorious reason for the judgment entered. However, these enumerations cannot be judicially determined without examination of the trial transcript or a statutorily authorized substitute therefore. See *Malin Trucking v. Progressive Cas. Ins. Co.,* 212 Ga. App. 273 (1) (441 SE2d 684) (1994). The proceedings of the bench trial were not transcribed and Alexander has not submitted a statutorily authorized substitute for consideration on appellate review. "Without access to the necessary trial transcript or a statutorily authorized substitute therefore, we must conclude the trial court did not err as enumerated." Id. at 273.

2. Next, Alexander asserts that the trial court erred in denying her motion for new trial without first conducting a hearing on the motion. " 'We are well aware of a movant's right to a hearing upon a motion for new trial. However, we are also cognizant of the fact that a party, especially in civil proceedings, may waive or abandon that right.' *Peyton v. Peyton,* 236 Ga. 119, 120 (223 SE2d 96) (1976)." *Page v. Guin,* 187 Ga. App. 143, 144 (1) (369 SE2d 517) (1988). In the case at bar, the record does not reflect that Alexander moved the court for a hearing on her "Motion for Reconsideration or, in the alternative, Motion for New Trial." Consequently, the trial court was justified in concluding that Alexander waived her right for an oral hearing on her motion for new trial and was justified in deciding the motion on her brief and the attached exhibits. See id.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JANUARY 27, 1995 —
RECONSIDERATION DENIED FEBRUARY 22, 1995 — 

*Calhoun & Associates, John R. Calhoun, Kenneth A. Calhoun,* for appellant.

Barbara H. Jones, *pro se.*