A97A2593, A98A0012. IN THE INTEREST OF L. G. et al., children (two cases).
(495 SE2d 628)

RUFFIN, Judge.

Following a hearing, the juvenile court issued an order finding L. G. and C. N. deprived and awarding temporary custody to the

Georgia Department of Human Resources. The mother of L. G. and C. N. filed these related appeals, pro se, from the juvenile court's orders denying her request for appointed counsel on appeal and her motion for new trial.

The record shows that the deprivation hearing was held on April 2, 1996, and that the mother was represented by counsel at the hearing. Although the juvenile court subsequently issued a detailed, 32-page deprivation order on December 12, 1996, there was no transcript of the proceedings and the only tape recording was destroyed prior to issuance of the order. It is difficult to ascertain from the record what happened to counsel for the mother, but the mother contended that the juvenile court's deprivation order misstated what occurred at the hearing, and pursuant to OCGA § 5-6-41 (f), moved the trial court, pro se, to remedy the alleged misstatements. The mother also moved the court to proceed in forma pauperis and for appointment of counsel in further proceedings. Although the court allowed the mother to proceed in forma pauperis, it found that she did not timely request appointed counsel and denied that part of her motion. The court also denied the mother's motion to correct alleged misstatements in the record.

In Case No. A98A0012, the mother asserts that the juvenile court erred in denying her motion for new trial because, inter alia, the destruction of the only tape recording of the deprivation hearing necessitates a new hearing. We agree.

OCGA § 15-11-28 (b) provides that "[u]nless waived by the juvenile and his parent, guardian, or attorney, the proceedings shall be recorded by stenographic notes or by electronic, mechanical, or other appropriate means." The provision for recording such proceedings is mandatory and is intended to facilitate appellate review of asserted errors which occurred during the proceedings. See *In re R. L. M.*, 171 Ga. App. 940 (1) (321 SE2d 435) (1984).

Although the juvenile court apparently attempted to remedy the destroyed recording by issuing a detailed order, we do not believe that this alleviated the harm. Over eight months lapsed between the time of the hearing and the date of the court's deprivation order. Though the juvenile court may have been able to recall much of the evidence presented when it prepared the deprivation order, this passage of time surely precluded a thorough recitation of all the evidence and the procedural events of the hearing. Under these circumstances, the mother is entitled to a new hearing on the deprivation petition, to have the hearing recorded as mandated by OCGA § 15-11-28, and to have the recording preserved in the event that future appellate review is necessary. See id.; *In the Interest of T. M. C.*, 206 Ga. App. 595 (426 SE2d 247) (1992). Furthermore, to the extent that the mother is indigent, she will, upon request, be entitled to

appointed counsel as provided by OCGA § 15-11-30.

2. In light of our decision in Division 1, it is unnecessary to further address the mother's remaining assertions in these appeals.

*Judgment reversed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 13, 1998.

Debbie North, *pro se.*

*Thurbert E. Baker, Attorney General, Jeffrey L. Milsteen, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Stephanie M. Baldauff, Shalen A. Sgrosso, Assistant Attorneys General, Simpson, Gray & Cross, Melanie Barbee-Cross,* for appellee.

*James C. Bonner, Jr., Jan A. Wheeler,* amici curiae.