A00A2472. IN THE INTEREST OF A. R. et al., children.

(546 SE2d 915)

MILLER, Judge.

Unless waived, all proceedings in a deprivation action in juvenile court shall be recorded.[1] The juvenile court here failed to record an in-chambers interview with one of the children. Since the parents acquiesced to this procedure, they implicitly waived this recordation, and thus we affirm.

The Murray County Department of Family & Children Services petitioned to have A. R., C. P., M. P., and M. P. found deprived and placed in DFACS' custody. During the termination hearing there was substantial evidence regarding the children's deprivation. As recounted in the court's order, there was evidence from several witnesses that the stepfather had touched A. R. on her chest and made a lewd comment and that in a second incident a family friend grabbed A. R.'s chest and made a similar comment. There was recorded testimony that A. R. told her mother of the incident and her mother laughed.

The record also contained testimony that the stepfather fondled another child, A. R.'s younger brother, who had physical and mental limitations. There was evidence that four deputies were required to assist DFACS in completing its interviews with the family because the stepfather was drinking, would not allow the DFACS worker to speak to the children, and threatened to "blow his . . . head off." The transcript shows that the stepfather shot at his wife with a pellet gun in front of the children; that he had had numerous encounters with law enforcement involving allegations of battery, aggravated assault, and terroristic threats; and that he shot the neighbors' dogs when they came into his yard to defecate.

---

[1] See OCGA § 15-11-41 (b). Effective July 1, 2000, the General Assembly redesignated the section numbers of the relevant Code sections. Ga. L. 2000, p. 20, § 1. We cite to the new designations.

On the record, the stepfather admitted that he drank 18-24 beers every day and that he had, on occasion, hit his wife. Furthermore, there was testimony that A. R. was concerned that her stepfather had hit her younger brother and that A. R. had seen the stepfather using drugs. There was also evidence that there were reports to DFACS that there was inadequate supervision in the home.

After all parties had rested, the court sua sponte stated that with the permission of the parents, the court wanted to speak to the children in chambers and that counsel could be present if desired. An in-chambers interview with A. R. took place in the presence of counsel but was not recorded.

Finding the children were deprived and granting custody to DFACS, the court in its order outlined the evidence reflected in the record and further relied on evidence given by A. R. in the unrecorded interview. The parents appeal, enumerating the failure to record the in-chambers interview and the insufficiency of the evidence.

1. Regarding juvenile court proceedings, OCGA § 15-11-41 (b) mandates that "[u]nless waived by the child and the child's parent, guardian, or attorney, the proceedings shall be recorded by stenographic notes or by electronic, mechanical, or other appropriate means." In *K. E. S. v. State of Ga.*,[2] we emphasized that "in the absence [of waiver] the statute simply and plainly mandates a recording of the proceedings."[3]

In this case, the proceedings *were* recorded; in fact, the transcript of the deprivation hearing is 164 pages long. The only portion of the entire procedure which was *not* recorded is an in-chambers interview which the court conducted with one of the children, A. R.

Here the parents acquiesced in and thus implicitly waived a recording of the in-chambers interview. At the conclusion of the evidence, the court said to the attorney for the parents that it wanted to speak to the children in chambers "with your permission." The court then stated: "[i]f you want to be present, that's fine." The attorney stated that he would like to be present. He did not state that the court did not have his permission to speak to the children, nor did he object to the court's request. The court then spoke with A. R. off the record in the presence of the attorney for the parents. Although the attorney for the parents could observe that the in-chambers interview was not transcribed, he gave the court permission to conduct the interview and raised no objection to the failure to have the interview recorded when the proceedings resumed. Given the factual con-

---

[2] 134 Ga. App. 843, 849-850 (4) (216 SE2d 670) (1975).

[3] See *In the Interest of L. G.*, 230 Ga. App. 153, 154 (495 SE2d 628) (1998) ("[t]he provision for recording such proceedings is mandatory. . . . [Cit.]").

text of this case, the parents' attorney implicitly waived the right to have this portion of the proceedings recorded. Thus, the first enumeration is without merit.

2. The parents' primary argument regarding the sufficiency of the evidence presumed incorrectly that the court could not rely on the testimony of A. R. The evidence recounted above authorized the juvenile court to find, by clear and convincing evidence, that the criteria set forth in OCGA § 15-11-94 were established.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED MARCH 12, 2001 —
RECONSIDERATION DENIED MARCH 28, 2001.

*Little, Bates & Kelehear, Sam F. Little*, for appellants.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen S. Nelson, Laura W. Hyman, Assistant Attorneys General, Waycaster, Morris, Johnson & Dean, Cynthia N. Johnson*, for appellee.