A09A1821. SUNBELT ASPHALT PRODUCTS, INC.
v. AMERICAN SATURATED FELT, INC.
(687 SE2d 838)

BLACKBURN, Presiding Judge.

In this civil action arising out of the termination of a distributorship agreement, American Saturated Felt, Inc. ("ASF"), sued Sunbelt Asphalt Products, Inc. ("Sunbelt"), alleging claims of breach of contract, promissory estoppel, and fraud. Sunbelt answered and counterclaimed, alleging several similar claims. Following trial, the jury rendered a verdict in favor of ASF on its breach of contract claim, and shortly thereafter, the trial court entered final judgment in favor of ASF.

---

Sunbelt appeals the jury verdict and judgment, arguing that the trial court erred in denying its motion for directed verdict, denying its motion for judgment notwithstanding the verdict or new trial, and in ruling in favor of ASF on seven separate evidentiary issues that arose during trial. To resolve each of these issues requires us to review the evidence and testimony submitted by the parties during trial; however, Sunbelt did not include the trial transcript in the appellate record.

"The burden is on the party alleging error to show it affirmatively by the record. When the burden is not met, the judgment complained of is assumed to be correct and must be affirmed." (Punctuation omitted.) *Hosseini v. Donino*.[1] "Where, as here, the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm." (Punctuation omitted.) *Quarterman v. Lee*.[2] Although Sunbelt cites to the trial transcript in its appellate brief, it did not include the transcript in the appellate record, and its notice of appeal makes no mention of the record or trial transcript whatsoever. Nevertheless, in the record that was transmitted, such indicates that on April 7, 2008, the trial court issued an order, which stated that "the time within which [Sunbelt] may file the trial transcript of evidence and proceedings is hereby extended to and through May 4, 2008." However, the clerk of the State Court of Fulton County has confirmed that his records indicate that the trial transcript was never filed. Moreover, no statutorily authorized substitute for the trial transcript was submitted. See *Alexander v. Jones*.[3] Accordingly, we must affirm the trial court's judgment. See *Quarterman*, supra, 291 Ga. App. at 603-604; *Hosseini*, supra, 222 Ga. App. at 697 (1).

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED OCTOBER 7, 2009 —
RECONSIDERATION DENIED DECEMBER 10, 2009 —

*Johnson & Ward, Stanley E. Kreimer, Jr.*, for appellant.
*Aaron B. Chausmer, Benjamin I. Fink*, for appellee.

---

[1] *Hosseini v. Donino*, 222 Ga. App. 697 (1) (475 SE2d 665) (1996).
[2] *Quarterman v. Lee*, 291 Ga. App. 603 (662 SE2d 234) (2008).
[3] *Alexander v. Jones*, 216 Ga. App. 360, 361 (1) (454 SE2d 539) (1995).