FINAL COPY
294 Ga. 475

S13F1689.  BROWN v. BROWN.

HUNSTEIN, Justice.

The parties were divorced in 2010, and Zuri Brown (Father) was ordered to pay child support to Inge Brown (Mother).  Thereafter, Mother filed a petition for an upward modification of child support, and Father filed an answer and counterclaim for a downward modification of child support.  After a bench trial, the court entered a final judgment denying Mother's petition, granting Father's claim for downward modification, and awarding Father attorney's fees.  Mother timely filed a motion for new trial, which the court denied without a hearing. We granted Mother's application for discretionary appeal to determine whether the trial court erred in denying the motion for new trial without holding a hearing.  We conclude that the trial court did err, and we therefore reverse and remand.

As this Court has made clear, Uniform Superior Court Rule 6.3[1] requires

---

[1] Rule 6.3 in full states the following:
> Unless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, except

a trial court to hold an oral hearing on all motions for new trial in civil cases, unless otherwise specifically ordered by the court. <u>Triola v. Triola</u>, 292 Ga. 808 (741 SE2d 650) (2013). A hearing is required even if the moving party does not request such a hearing. Id. at 808; <u>Kuriatnyk v. Kuriatnyk</u>, 286 Ga. 589 (2) (690 SE2d 397) (2010). A trial court's failure to comply with the procedural requirements of Rule 6.3 is reversible error. <u>Triola</u>, 292 Ga. at 808.

In this case, the trial court did not hold an oral hearing before ruling on Mother's motion for new trial. The order denying Mother's motion for new trial did not reference Rule 6.3 or Mother's right to an oral hearing, and the trial court did not issue a separate order excepting Mother's motion from the oral hearing requirement. Therefore, we must reverse the trial court's judgment on Mother's motion for new trial and remand the case with direction that the trial court comply with Rule 6.3. See <u>Triola</u>, 292 Ga. at 808-809 (reversal and

---

motions for new trial and motions for judgment notwithstanding the verdict.
However, oral argument on a motion for summary judgment shall be permitted upon written request made in a separate pleading bearing the caption of the case and entitled "Request for Oral Hearing," and provided that such pleading is filed with the motion for summary judgment or filed not later than five (5) days after the time for response.

remand required where the trial court denied a motion for new trial without holding the mandatory hearing and did not issue an order excepting the motion from the procedural requirement); Kuriatnyk, 286 Ga. at 592 (2) (same).

We do not reach the remaining enumerations of error challenging the trial court's final judgment because those issues must be asserted in the trial court on remand.  See Triola, 292 Ga. at 809.[2]

Judgment reversed and case remanded with direction. All the Justices concur.

Decided January 27, 2014.

Domestic relations. Douglas Superior Court. Before Judge McClain.

Peggy L. Brown, for appellant.

Ravelle D. Smith, for appellee.

---

[2] Mother's motion to strike Father's appellate brief is hereby denied.