**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 18, 2017**

# In the Court of Appeals of Georgia

A17A1171. IN THE INTEREST OF A. F. et al., children.

MCFADDEN, Presiding Judge.

We granted discretionary appellate review of the juvenile court's judgment terminating a mother's parental rights to her three minor children. Before seeking appellate review, the mother filed a motion for a new trial, arguing, among other things, that the evidence was insufficient and that she had received ineffective assistance of trial counsel. Although the mother requested a hearing on the motion, the juvenile court denied the motion for new trial without holding a hearing. On appeal, the mother argues, among other things, that the juvenile court erred in failing to hold a hearing. We agree, and therefore we reverse the judgment and remand the case for further proceedings not inconsistent with this opinion.

"[A] movant for a new trial is entitled to a hearing on his [or her] motion." *Peyton v. Peyton*, 236 Ga. 119, 120 (1) (223 SE2d 96) (1976) (citations omitted). Accord *Wright v. Barnes*, 240 Ga. App. 684, 685 (524 SE2d 758) (1999). This right is grounded both in OCGA § 5-5-40 (formerly Code Ann. §70-301) and in constitutional requirements for procedural due process. See *Dick v. State*, 248 Ga. 898, 899 (1) (287 SE2d 11) (1982); *Peyton*, supra, 236 Ga. at 120 (1); *Foster v. State*, 230 Ga. 870 (199 SE2d 790) (1973); *Shockley v. State*, 230 Ga. 869 (199 SE2d 791) (1973); *Gantt v. Sweatman*, 162 Ga. App. 738, 739 (1) (293 SE2d 359) (1982). And due process considerations are particularly apparent where, as here, a parent in a termination proceeding challenges the effectiveness of trial counsel, because without trial counsel's testimony at a post-judgment hearing, it is extremely difficult for the parent to overcome the presumption that trial counsel was effective. See *In the Interest of D. H.*, 290 Ga. App. 66, 72 (3) (658 SE2d 831) (2008). So although there is not a specific uniform rule requiring a juvenile court to conduct a hearing on a motion for new trial, such as Unif. Super. Ct. R. 6.3 which requires a superior court to conduct such a hearing, the mother in this case nevertheless was entitled to a hearing.

The mother expressly requested a hearing on her motion for new trial, and there is nothing in the record suggesting that she later waived her right to that hearing. "[A]bsent a waiver, a movant for new trial is entitled to a hearing on the motion in the trial court before a ruling is made thereon; and . . . if the movant's right to such a hearing has been denied, we must return the case to the trial court for a hearing and disposition of the motion before the merits of the remaining claims of error are addressed." *Sidhu v. Ga. Macon Contractors & Equip.*, 263 Ga. App. 100, 101 (587 SE2d 252) (2003) (citations omitted). See also *Wright*, supra, 240 Ga. App. at 685; *Gantt*, supra, 162 Ga. App. at 738 (1). So "[w]e do not reach [the mother's] enumerations addressing the merits of the trial court's ruling on the motion for new trial, as the issues raised thereby must be asserted in the trial court on remand." *Triola v. Triola*, 292 Ga. 808, 809 (741 SE2d 650) (2013) (citation and punctuation).

We note that in addressing those issues on remand, the parties and the juvenile court will need an accurate transcript of the termination hearing, but the transcript in the appellate record is incomplete because the recording of the hearing was inaudible at numerous points, including during the presentation of some of the evidence. The mother requested a transcript from the juvenile court and argued in her application for discretionary review that the juvenile court failed to make available a fully

transcribable recording pursuant to OCGA § 15-11-17 (c). Although the mother has not enumerated this failing as error on appeal, we nevertheless take this opportunity to stress the juvenile court's statutory duty to record proceedings by "means capable of accurately capturing a full and complete record of *all words* spoken during the proceedings," OCGA § 15-11-17 (c) (emphasis supplied), and the juvenile court's burden "to ensure that a complete record was made." *In the Interest of T. M. C.*, 206 Ga. App. 595 (426 SE2d 247) (1992) (construing former OCGA § 15-11-28 (b)). The juvenile court should consider this duty and burden as she conducts further proceedings in this case on remand.

*Judgment reversed and case remanded with direction. Branch and Bethel, JJ., concur.*