**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**December 27, 2017**

# In the Court of Appeals of Georgia

A17A2000. IN THE INTEREST OF M. I., a child.

BARNES, Presiding Judge.

On December 19, 2016, the DeKalb County Department of Family and Children Services ("DFCS") filed a dependency petition alleging that the infant child M. I. was dependent and needed to be taken into protective custody because of alleged abuse he suffered while in his parents' care. Following a preliminary protective hearing, the juvenile court found that there was not probable cause to believe the child was dependent. M. I., through his child advocate attorney and guardian ad litem, filed a motion for new trial. Although M. I. requested a hearing on the motion, the court denied the motion for new trial without conducting a hearing. M. I. appeals, arguing that the court erred in failing to hold a hearing.[1] We agree and therefore vacate the judgment and remand the case for further proceedings consistent with this opinion.

---

[1] DFCS has filed a brief in support of M. I.'s appeal.

"A movant for a new trial is entitled to a hearing on his or her motion. This right is grounded both in OCGA § 5-5-40 . . . and in constitutional requirements for procedural due process."[2] (Citations and punctuation omitted.) *In the Interest of A. F.*, Case No. A17A1171, 2017 WL 4837146, at *1 (Ga. Ct. App., Oct. 26, 2017). See *Peyton v. Peyton*, 236 Ga. 119, 120 (1), (2) (223 SE2d 96) (1976) ("in consonance with constitutional requirements of procedural due process," a movant for a new trial is entitled to a hearing on his or her motion, but may waive or abandon that right); *Shockley v. State*, 230 Ga. 869 (199 SE2d 791) (1973) (same). See also OCGA § 15-11-145 (f) (3) (at a preliminary protective hearing, the parties' due process rights include "the right to a trial by the court on the allegations in the complaint or petition"). Under Uniform Superior Court Rule 6.3, a trial court is required to conduct a hearing on a motion for new trial. Although there is not a specific uniform rule requiring a juvenile court to conduct a hearing on a motion for new trial, this Court recently decided that a mother who challenged the effectiveness of trial counsel in her

---

[2] OCGA § 5-5-40, which establishes procedures for motions for new trial, makes several references to the hearing on the motion. OCGA § 5-5-1 (a) gives juvenile courts the power to grant new trials, and OCGA § 5-5-44 provides that "[i]n all motions for a new trial the opposite party shall be served with a copy of the rule nisi unless such copy is waived."

motion for new trial in a parental rights termination proceeding in juvenile court was entitled to a hearing on her motion. *In the Interest of A. F.,* 2017 WL 4837146, at \*1.

Here, we likewise conclude that the juvenile court was required to conduct a hearing. The statutory and constitutional bases of a movant's entitlement to a hearing on his or her motion for new trial are well-established, and in the present case, M. I.'s motion attacked the juvenile court's evidentiary findings, which is a proper claim of error in such a motion. See *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 591 (2) (690 SE2d 397) (2010) ("A motion for a new trial is a proper means of seeking a retrial or reexamination, in the same court, of an issue of fact, or of some part or portion thereof, after decision by a jury or a decision by the court thereon.") (citation and punctuation omitted); compare *In the Interest of M. O.*, 233 Ga. App. 125, 128 (2) (a) (503 SE2d 362) (1998) (affirming juvenile court's deprivation order, even though court did not hold hearing on father's motion for new trial, where on appeal father failed to state proper grounds for new trial).

In addition, M. I. requested a hearing on the motion for new trial, and there is nothing in the record suggesting M. I. later waived the right to that hearing. "Absent a waiver, a movant for new trial is entitled to a hearing on the motion in the trial court before a ruling is made thereon; and if the movant's right to such a hearing has been

3

denied, we must return the case to the trial court for a hearing and disposition of the motion before the merits of the remaining claims of error are addressed." (Citations and punctuation omitted.) *In the Interest of A. F*, 2017 WL 4837146, at \*1. See *Sidhu v. Ga. Macon Contractors & Equip.*, 263 Ga. App. 100, 100 (587 SE2d 252) (2003) (vacating denial of motion for new trial and remanding for hearing on motion, where trial court failed to hold hearing); *Wright v. Barnes*, 240 Ga. App. 684, 684 (524 SE2d 758) (1999) (same). Accordingly, we do not reach M. I.'s enumerations addressing the merits of the juvenile court's ruling on the motion for new trial, as the issues raised thereby must be asserted in the juvenile court on remand. See *In the Interest of A. F.,* 2017 WL 4837146, at \*1.

Finally, we are unpersuaded by M. I.'s mother's argument that remand for a hearing on the motion for new trial is unwarranted because the juvenile court must make a finding of present dependency in order to remove the child from the home. See *In the Interest of T. V.*, 302 Ga. App. 124, 127 (1) (690 SE2d 457) (2010) (an order temporarily transferring custody of a child based on alleged dependency must be grounded upon a finding that the child is at the present time a dependent child). Juvenile courts are permitted to make findings of present dependency based on past abuse. See *In the Interest of K. J.*, 268 Ga. App. 843, 844-845 (1) (a) (602 SE2d 861)

4

(2004) (mother's beating of child supported finding that child was deprived, although beating occurred five months prior to hearing on deprivation petition). Moreover, if we were to accept the mother's argument, we would be unable to remand for further proceedings and re-examination of issues in many appeals involving dependency orders.

*Judgment vacated and case remanded with direction. McMillian and Mercier, JJ., concur.*