**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 9, 2022**

# In the Court of Appeals of Georgia

A22A0871. IN THE INTEREST OF J. D. H., JR., a child.

MERCIER, Judge.

Following the termination of his parental rights, the putative father of J. D. H., Jr. ("Father") appeals, contending, among other things, that the juvenile court erred by denying his motion for new trial without a hearing. We agree, and, accordingly, we must reverse the juvenile court's order denying Father's motion for new trial and remand this case with direction that a hearing be conducted before any new judgment is entered.

In relevant part, the record indicates that the juvenile court determined that Father had abandoned J. D. H., Jr. and that the termination of Father's parental rights would be in J. D. H., Jr.'s best interests. See OCGA § 15-11-310 (setting forth grounds for termination of parental rights) and OCGA § 15-11-2 (1) (defining

"abandonment"). Thereafter, Father filed a motion for new trial in which he argued both that the juvenile court lacked subject matter jurisdiction and that the evidence was insufficient to support the termination of parental rights. Father also requested a hearing on his claims. A little over a week later, the juvenile court denied Father's motion for new trial without holding a hearing, and it addressed only Father's contention that subject matter jurisdiction was lacking. This was reversible error.

We have previously explained:

> "A movant for a new trial is entitled to a hearing on his or her motion. This right is grounded both in OCGA § 5-5-40 . . . and in constitutional requirements for procedural due process." *In the Interest of A. F.*, 343 Ga. App. 415, 416 (806 SE2d 838) (2017) (citations and punctuation omitted). See *Peyton v. Peyton*, 236 Ga. 119, 120 (1), (2) (223 SE2d 96) (1976) ("in consonance with constitutional requirements of procedural due process," a movant for a new trial is entitled to a hearing on his or her motion, but may waive or abandon that right); *Shockley v. State*, 230 Ga. 869 (199 SE2d 791) (1973) (same). . . . Although there is not a specific uniform rule requiring a juvenile court to conduct a hearing on a motion for new trial, this Court recently decided that a mother who challenged the effectiveness of trial counsel in her motion for new trial in a parental rights termination proceeding in juvenile court was entitled to a hearing on her motion. *In the Interest of A. F.*, 343 Ga. App. at 416.

*In the Interest of M. I.*, 344 Ga. App. 172, 172 (809 SE2d 540) (2017) (footnote omitted). See also *Triola v. Triola*, 292 Ga. 808, 808 (741 SE2d 650) (2013) ("[I]f the trial court denies a motion for new trial in a civil case . . . without holding the

2

mandatory hearing, the error will not be deemed harmless on appeal; instead, the order denying the motion must be reversed and the case remanded with direction that the trial court" hold a hearing. (citation and punctuation omitted).

Here, Father properly challenged the sufficiency of the evidence supporting the juvenile court's decision, and "[a] motion for a new trial is a proper means of seeking a retrial or reexamination, in the same court, of an issue of fact, or of some part or portion thereof, after decision by a jury or a decision by the court thereon." *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 591 (2) (690 SE2d 397) (2010) (citation and punctuation omitted). Also, Father expressly requested a hearing on his motion, and there is no evidence that he thereafter waived that right. Accordingly, Father was entitled to a hearing, and the juvenile court's order denying Father's motion for new trial must be reversed and this case must be remanded with direction that the hearing be conducted. *In the Interest of M. I.*, supra. We also note that, although Father argues the merits of his contentions regarding jurisdiction and sufficiency of the evidence in this appeal, the case must be returned to the juvenile court "for a hearing and disposition of the motion before the merits of the remaining claims of error are addressed." *In the Interest of A. F.*, supra at 416 (citation and punctuation omitted); accord *Triola*, supra at 809.

3

*Judgment reversed and case remanded with direction. Dillard, P. J., and Markle, J., concur.*