**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 1, 2024**

# In the Court of Appeals of Georgia

A24A0786. ROBINSON v. BROWN.

MCFADDEN, Presiding Judge.

Nancy Robinson appeals from the trial court's order denying her motion for new trial without a hearing. We agree with Robinson that she was entitled to a hearing and that the trial court's act of ruling without affording her one was reversible error. So we reverse and remand this case with direction that the trial court hold a hearing before ruling on Robinson's motion.[1]

1. *Procedural history*

---

[1] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however voted in favor of a hearing en banc on the question of overruling in part *Alexander v. Jones*, 216 Ga. App. 360 (454 SE2d 539) (1995).

Robinson filed a motion for a new trial after receiving an adverse ruling in a child custody proceeding before a superior court. She asked for a hearing on her motion.

Less than three weeks later, and without having held a hearing, the trial court entered an order denying the motion. The trial court explained his decision not to hold a hearing as follows:

> To date, the Defendant [Robinson] has not filed a rule nisi, or other specific request for a hearing date for the proceeding. The Court notes that the Plaintiff [Joshua Brown] has filed a Response to the Motion as of November 6, 2023. While the Defendant has a due process right to a hearing on the Motion for New Trial, "the trial court has no duty to initiate such hearing." *Peyton v. Peyton*, [236 Ga. 119, 121 (2) (223 SE2d 96) (1976)]."

Robinson appeals from this order.

2. *Analysis*

The trial court's reliance on *Peyton* was misplaced. More recently, our Supreme Court held, "Uniform Superior Court Rule 6.3 requires a trial court to hold an oral hearing on all motions for new trial in civil cases, unless otherwise specifically ordered by the court." *Brown v. Brown*, 294 Ga. 475, 476 (754 SE2d 362) (2014) (footnote

omitted). This requirement obtains in civil cases whether or not the moving party requests a hearing on the motion. Id.; *Triola v. Triola*, 292 Ga. 808 (741 SE2d 650) (2013); *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 592 (2) (690 SE2d 397) (2010). (The Uniform Superior Court Rules do not impose a similar requirement in criminal cases, see Uniform Superior Court Rule 41 et seq., and although there is a right to a hearing on a motion for new trial in a criminal case, the movant's failure to "take affirmative steps to request [a hearing] . . . results in a waiver of the right. . . ." *Mangrum v. State*, 285 Ga. 676, 682 (8) (681 SE2d 130) (2009) (citation and punctuation omitted).)

It is true that Uniform Superior Court Rule 6.3 provides that a trial court may order no hearing to be held. But it is error for a trial court to deny a hearing on a motion for new trial in a civil case unless the movant has waived or abandoned the right to a hearing. See *Sidhu v. Ga. Macon Contractors & Equip.*, 263 Ga. App. 100, 101 (587 SE2d 252) (2003); *Gantt v. Sweatman*, 162 Ga. App. 738, 739 (1) (293 SE2d 359) (1982). Although the trial court in this case did not explicitly address the issue of waiver or abandonment, the court's reasoning suggests that it found Robinson had waived her right to a hearing by failing to file a rule nisi or otherwise act to set a date for the hearing. This was error.

"[T]he purpose of the rule nisi [is to provide] official notice of the time and place of the motion for new trial hearing[.]" *Short v. Riles*, 141 Ga. App. 881, 883 (234 SE2d 710) (1977). But as stated above, Uniform Superior Court Rule 6.3 requires a trial court to hold a hearing on a motion for new trial in a civil case even if the movant does not ask for one. *Brown*, 294 Ga. at 476; *Triola*, 292 Ga. at 808; *Kuriatnyk*, 286 Ga. at 592 (2). So it takes more than failure to file a rule nisi or a similar omission to waive the right to a hearing.

For example, in the case cited by the trial court, *Peyton v. Peyton*, supra, 236 Ga. 119 (which was decided before the promulgation of the Uniform Superior Court Rules), a hearing originally was set but was continued for completion of a transcript. Id. at 120 (2). After more than a year and a half passed, the new-trial movant filed a brief with the trial court in response to her opponent's motion to dismiss the new-trial motion. Id. The movant addressed the merits of her motion for new trial in that brief, but she did not take any action to reschedule the hearing. Id. Our Supreme Court affirmed the trial court's denial of the new-trial motion without a hearing, holding that a "trial court is justified in ruling on the merits of a motion for new trial solely upon the briefs submitted whenever the movant responds to his opponent's motion to

dismiss his motion for new trial on the merits and fails to move the court for a hearing if one is not previously scheduled." Id. at 121 (2).

We held likewise in *Page v. Guin*, 187 Ga. App. 143 (369 SE2d 517) (1988), a case that has many similarities to *Peyton*: a hearing was set on a motion for new trial but did not occur because a transcript had not been completed; more than a year passed; the movants then filed with the trial court a motion for injunctive relief that "was based in part upon the pending motion for new trial"; but the movants did not take any steps to reschedule the new-trial hearing. *Page*, 187 Ga. App. 144-145 (1). We determined that, under those circumstances, "the trial court was justified in concluding the [movants] had abandoned their right for an oral hearing on the [new-trial] motion and was justified in deciding the motion on the briefs originally submitted." Id. at 145 (1).

The circumstances of this case are very different than those of *Peyton* and *Page*. Robinson asked for a hearing in her motion. Less than three weeks passed. During that brief period, Robinson took no other action that would constitute a waiver or abandonment of her right to the requested hearing, such as addressing the merits of

the motion in a brief (as in *Peyton*) or filing another motion based on the new-trial motion (as in *Page*), without asking for the requested hearing to be set.

We acknowledge that this court has relied on *Peyton* and *Page* to affirm a trial court's denial of a new-trial motion without a hearing on waiver grounds, citing only the fact that the movant had not moved for a hearing on the motion. *Alexander v. Jones*, 216 Ga. App. 360, 361 (2) (454 SE2d 539) (1995). Because this holding conflicts with the text of Uniform Superior Court Rule 6.3 as well as our Supreme Court's interpretation of that rule, which requires a hearing on a motion for new trial in a civil case whether or not the movant asks for one, see, e. g., *Brown*, 294 Ga. at 476, we overrule in part *Alexander*.

In summary, Robinson "requested a hearing on the motion for new trial, and there is nothing in the record suggesting [she] later waived the right to that hearing." *In the Interest of M. I.*, 344 Ga. App. 172, 173 (809 SE2d 540) (2017). For this reason, the trial court erred in denying her a hearing on her motion for new trial. See *Sidhu*, 263 Ga. App. at 101. Because this was not a harmless error, see *Brown*, 294 Ga. at 476, the order denying the motion for new trial "must be reversed, and the case remanded with direction that the trial court conduct a hearing as required by law and that it thereafter enter a new order disposition of the motion for new trial." *Kuriatnyk*, 286 Ga. at 592 (2).

*Judgment reversed and remanded with direction. Mercier, C. J., and Rickman, J., concur.*