### A11A2033. PHF II BUCKHEAD LLC v. DINKU.
(726 SE2d 569)

DILLARD, Judge.

Solomon Dinku sued PHF II Buckhead LLC ("PHF"), which does business as the Sheraton Buckhead Hotel Atlanta, to recover damages for injuries that he sustained when he fell from a skywalk that connected the hotel to its parking deck. Following PHF's failure to file timely responsive pleadings, the trial court entered a default judgment as to liability, and after conducting a bench trial, it awarded Dinku $3,006,708.50 in damages. PHF now appeals, arguing that the trial court erred in denying its motion to set aside the default judgment on the grounds that the court lacked subject-matter jurisdiction, denying its motion to open the default on the grounds of proper case, and denying its motion for new trial on damages. For the reasons set forth infra, we affirm the trial court's denial of PHF's

---

motion to set aside the default judgment and open the default, but we reverse the trial court's denial of PHF's motion for new trial and, thus, remand the case for further proceedings consistent with this opinion.

The record shows that on December 25, 2007, Dinku was employed by LAZ Parking/Georgia, which had a contract with PHF to park cars for guests staying at the Sheraton Buckhead hotel. At some point that day, Dinku was walking across the skywalk connecting the hotel to its parking deck when he saw two large dogs, which were owned by hotel guest James Hazlett, running loose toward him. Fearing for his safety, Dinku climbed onto the ledge of the skywalk to escape the dogs but then fell approximately 30 feet to the ground below. As a result, Dinku suffered serious and permanent injuries, including fractures to his face, jaw, femur, and ankle.

On May 6, 2008, Dinku filed a lawsuit against Hazlett and PHF, alleging that his injuries were a result of Hazlett's failure to control his dogs and PHF's failure to keep its premises safe. Hazlett was served with the complaint and filed an answer. PHF's registered agent was served on May 7, 2008, and it received a copy of the complaint from its agent two days later. PHF then sent a copy of the complaint to its risk-management consultant, which allegedly was responsible for forwarding the complaint to PHF's insurer. However, for unknown reasons, no one ever filed responsive pleadings or even made an appearance on PHF's behalf.

Consequently, on July 17, 2008, Dinku moved for an entry of default judgment, to which PHF similarly did not respond. Thus, on August 28, 2008, the trial court entered a default judgment against PHF as to liability only. Thereafter, notice of a hearing on damages in the matter was published in the Fulton County Daily Report and served upon PHF's registered agent, which again sent a copy directly to PHF. Nevertheless, no representative or counsel for PHF appeared at the bench trial that was held on December 29, 2008.[1] And after hearing testimony and considering evidence presented during the bench trial, the court, on December 30, 2008, entered a final order and judgment against PHF in the amount of $3,006,708.50, plus costs.

The term of court in which the default judgment was entered ended on January 5, 2009.[2] Nearly three weeks later, on January 23, 2009, PHF filed a motion to set aside the default judgment and to

---

[1] The bench trial was not transcribed.

[2] See OCGA § 15-6-3 (3) (The terms of court for the State Court of Fulton County commence on the "[f]irst Monday in January, March, May, July, September, and November.").

open the default, pursuant to OCGA § 9-11-60 (d),[3] arguing that the trial court lacked subject-matter jurisdiction because PHF was Dinku's statutory employer at the time of the accident, and therefore, Dinku's exclusive remedy was to file a workers' compensation claim rather than a personal-injury action.[4] Additionally, on January 29, 2009, PHF filed a motion for new trial, in which it reasserted the arguments from its motion to set aside the default judgment but also argued that (1) the trial court allowed improper evidence during the bench trial on damages, and (2) the award was excessive. Thereafter, Dinku filed responses to both of PHF's motions. And on August 31, 2009, the trial court held a hearing specifically to address PHF's motion to set aside the default judgment, noting that PHF's motion for new trial would be addressed separately at a later point in time. However, despite the trial court's assurances, no hearing on PHF's motion for new trial was held.

Finally, on April 12, 2011, the trial court issued an order denying PHF's motion to set aside the default judgment and to open the default, as well as its motion for new trial. And, on May 12, 2011, PHF filed a notice of appeal, pursuant to OCGA § 5-6-34, which provided that it was appealing the denial of its motion for new trial and the denial of its motion to set aside the default judgment and to open the default. But on the same day, PHF also filed an application for discretionary appeal, pursuant to OCGA § 5-6-35, which stated that it was specifically seeking to appeal the denial of its motion to set aside the default judgment and to open the default. PHF's application for discretionary appeal was denied on June 8, 2011, but its direct appeal was docketed on June 18, 2011.

1. PHF contends that the trial court erred in denying its motion to set aside the default judgment and to open the default, pursuant to OCGA § 9-11-60 (d), arguing that the trial court lacked subject-matter jurisdiction because PHF was Dinku's statutory employer at the time of the accident and, therefore, Dinku's exclusive remedy was to file a workers' compensation claim rather than a personal-injury

---

[3] See Ga. Receivables, Inc. v. Murray, 240 Ga. App. 676, 676-77 (524 SE2d 518) (1999) (noting that after expiration of the term of court in which a default judgment is entered, the trial court's discretion in setting aside the default judgment is limited to the criteria set forth in OCGA § 9-11-60 (d)).

[4] See OCGA § 34-9-8 (a) ("A principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract to the same extent as the immediate employer."); OCGA § 34-9-11 (a) ("The rights and remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee . . . at common law or otherwise, on account of such injury, loss of service, or death.").

action. However, this Court has already decided this aspect of PHF's appeal adversely to PHF, and we are bound by that decision.

Indeed, applications "for leave to appeal a final judgment in cases subject to appeal under OCGA § 5-6-35 shall be granted only when . . . [r]eversible error appears to exist. . . ."[5] Thus, in reviewing discretionary applications for appeals, our rules require us to grant the application when the trial court appears to have committed reversible error.[6] Consequently, when this Court examines a request for a discretionary appeal, it acts in an error-correcting mode such that a denial of the application is on the merits, and the order denying the application is res judicata with respect to the substance of the requested review.[7]

And here, PHF filed an application for discretionary appeal, which sought review of the denial of its motion to set aside the default judgment and to open the default, and also filed a direct appeal of the denial of its motion for new trial, which likewise sought review of the denial of the former motion. But this Court denied the application for discretionary appeal prior to the docketing of the direct appeal, and that denial acts as res judicata as to the issues raised in that application.[8] Accordingly, PHF is estopped from seeking further judicial review of the trial court's denial of its motion to set aside the default judgment and to open the default.

Moreover, even if we were able to revisit this issue, we do not find persuasive PHF's contention that the default judgment should be set aside for lack of subject-matter jurisdiction, which is premised on PHF's claim that it was Dinku's statutory employer at the time of the accident and thus had tort immunity. As PHF notes, it is certainly well established that under OCGA § 34-9-8 (a) and OCGA § 34-9-11 (a), an injured employee of a subcontractor cannot maintain a tort action against the principal contractor because the principal contrac-

---

[5] Court of Appeals Rule 31 (a) (1).

[6] *See Northwest Social & Civic Club, Inc. v. Franklin*, 276 Ga. 859, 860 (583 SE2d 858) (2003) (applying nearly identical rule of the Supreme Court of Georgia).

[7] *See id.* (holding that denial of discretionary appeal acts as *res judicata* on the merits); *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007) (noting that the Supreme Court of Georgia held that the denial of an application for discretionary appeal is an adjudication on the merits of the underlying order and acts as *res judicata* in subsequent proceedings); *see also* OCGA § 9-11-60 (h) ("any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be").

[8] *See Franklin*, 276 Ga. at 860; *Hook*, 286 Ga. App. at 261 (1); *Lewis v. Robinson*, 176 Ga. App. 374, 374-75 (336 SE2d 280) (1985).

tor is considered a statutory employer of the employee.[9] However, contrary to PHF's argument, we do not find that the allegation in Dinku's complaint that the Sheraton "owned, operated, controlled and managed the hotel" establishes PHF as a principal contractor or any other kind of statutory employer of Dinku. Indeed, Dinku's complaint simply notes that PHF is the owner of the Sheraton hotel, with which Dinku's employer contracted to provide parking services. And as our Supreme Court has held, "[a] mere owner to whom the contractual obligation of performance is owed and from whom no contractual obligation of performance is due is not a 'principal contractor' under OCGA § 34-9-8."[10]

In sum, based on the face of the complaint, PHF did not owe to another any contractual obligation of performance with regard to the operation of the parking services. Indeed, the operation of the parking services was a contractual obligation owed to PHF by Dinku's employer, and thus, PHF was not Dinku's statutory employer.[11] Given these circumstances, Dinku was not barred from filing a personal-injury action against PHF, and the trial court, therefore, had subject-matter jurisdiction. Accordingly, the court did not err in denying PHF's motion to set aside the default judgment and to open the default.

2. PHF also contends in its direct appeal that the trial court erred in denying its motion for new trial and in failing to hold a hearing on this motion. We agree.

Our Supreme Court has held that "[a] motion for a new trial is a proper means of seeking a retrial or reexamination, in the same court, of an issue of fact, or of some part or portion thereof, after decision by a jury or a decision by the court thereon."[12] And Uniform Superior Court Rule 6.3 provides that, in civil actions, "unless otherwise ordered by the court," a motion for new trial "shall be decided" after an "oral hearing."[13] Importantly, the appellate courts of Georgia have "consistently refused to find that the failure to hold oral argument is harmless error" because to hold otherwise would "not encourage

---

[9] *See Warden v. Hoar Constr. Co.*, 269 Ga. 715, 716 (1) (507 SE2d 428) (1998) (holding that general contractor was statutory employer of sub-contractor's employee who was killed in a work-related accident, and therefore, general contractor was immune from tort claim brought by employee's spouse).

[10] *Yoho v. Ringier of Am., Inc.*, 263 Ga. 338, 343 (434 SE2d 57) (1993).

[11] *See id.* (holding that owner that retained contractor to perform repair work on owner's property was not statutory employer of contractor's employee, injured in accident, such that employee's sole remedy against owner would be recovery of workers' compensation benefits).

[12] *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 591 (690 SE2d 397) (2010) (punctuation omitted).

[13] *See* Uniform Superior Court Rule 6.3; *see also Kuriatnyk*, 286 Ga. at 592.

adherence to the Uniform Rules and would render the mandated hearing a hollow right."[14]

And here, the trial court did not issue an order excepting the motion filed by PHF from this procedural requirement. In fact, during the hearing on PHF's motion to set aside the default judgment, the trial court implied that PHF's motion for new trial would be heard at a later point in time. Nevertheless, the trial court denied PHF's motion for new trial in its April 12, 2011 order without holding the mandatory hearing on same. In doing so, the court characterized PHF's motion as an improper means by which to move that the default judgment be set aside. But such a characterization is not completely accurate. While it is certainly true that PHF's motion for new trial reiterates the arguments made in its motion to set aside the default judgment, the motion also argues that various evidentiary errors occurred during the trial on damages, and that the award was excessive. Simply put, the motion clearly seeks, in part, a reexamination of issues of fact.

Thus, the trial court erred in denying PHF's motion for new trial without first holding a hearing on the issue.[15] Accordingly, that portion of the trial court's April 12, 2011 order which denied the motion for new trial must be reversed, and the case is remanded with direction that the trial court conduct a hearing as required by law and that it thereafter enter a new order disposing of the motion for new trial.[16] In so holding, we do not reach PHF's contentions addressing the merits of the trial court's denial of the motion for new trial, as the issues raised thereby must first be asserted in the trial court on remand.[17]

*Judgment affirmed in part and reversed in part, and case remanded with direction. Mikell, P. J., and Boggs, J., concur.*

DECIDED MARCH 22, 2012 — ▮▮▮▮▮▮▮▮▮▮

*Scrudder, Bass, Quillian, Horlock, Taylor & Lazarus, Glenn S. Bass*, for appellant.

*Slappey & Sadd, James N. Sadd, Adam H. Long, Jeffrey P. Raasch*, for appellee.

---

[14] *Kuriatnyk*, 286 Ga. at 592 (punctuation omitted).
[15] *See id.*
[16] *See id.*
[17] *See id.*