## S13F0538. TRIOLA v. TRIOLA.
### (741 SE2d 650)

NAHMIAS, Justice.

In January 2012, the trial court entered a final judgment and decree of divorce in this case. Joseph Triola (Husband) then filed a motion for new trial, which the trial court denied without holding an oral hearing. On appeal, Husband contends, among other things, that the court erred in failing to hold such a hearing. He is correct.

This Court has held that Uniform Superior Court Rule 6.3 requires, "unless otherwise ordered by the court," that a motion for new trial in a civil action "shall be decided" by the trial court only after an "oral hearing," even if the moving party does not request such a hearing. See *Kuriatnyk v. Kuriatnyk,* 286 Ga. 589, 592 (690 SE2d 397) (2010); *Green v. McCart,* 273 Ga. 862, 863 (548 SE2d 303) (2001).[1] Moreover, if the trial court denies a motion for new trial in a civil case without issuing an order " 'excepting the motion . . . from this procedural requirement,' " and " 'without holding the mandatory hearing,' " the error will not be deemed harmless on appeal; instead, the order denying the motion must be reversed and the case remanded with direction that the trial court comply with Rule 6.3 before disposing of the motion. *Kuriatnyk,* 286 Ga. at 592 (quoting *Green,* 273 Ga. at 863).

In this case, the trial court did not hold an oral hearing before ruling on Husband's motion for new trial. The order denying the motion did not reference Rule 6.3 or Husband's right to an oral hearing, nor did the court issue a separate order excepting the motion from the oral hearing requirement. Accordingly, we must reverse the trial court's judgment and remand the case with direction that the court comply with Rule 6.3 before ruling on Husband's motion for new

---

[1] Rule 6.3 provides in full as follows:

Unless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, except motions for new trial and motions for judgment notwithstanding the verdict.

However, oral argument on a motion for summary judgment shall be permitted upon written request made in a separate pleading bearing the caption of the case and entitled "Request for Oral Hearing," and provided that such pleading is filed with the motion for summary judgment or filed not later than five (5) days after the time for response.

trial. See *Kuriatnyk*, 286 Ga. at 592. "We do not reach Husband's enumerations addressing the merits of the trial court's ruling on the motion for new trial, as the issues raised thereby must be asserted in the trial court on remand." Id.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED APRIL 15, 2013.

*Jacobs & King, Scott R. King, Leah Zammit, Steven M. Lefkoff,* for appellant.

*Bruce W. Phillips,* for appellee.