**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**August 14, 2013**

# In the Court of Appeals of Georgia

A13A1407. CHANDLER v. ROHNER.

MCMILLIAN, Judge.

This appeal arises from an attempt by appellant Matthew Steven Chandler to legitimize two minor children that he had with appellee Maxine Marie Gibson Rohner. At the close of an evidentiary hearing, the superior court orally denied the petition for legitimation, but in the written order memorializing that ruling, the superior court took the additional step of terminating Chandler's parental rights.[1] After the superior court denied Chandler's motion for new trial, he filed this appeal.

---

[1] It does not appear that Rohner sought the termination of Chandler's parental rights in this proceeding. Rather, Rohner's current husband had initiated a separate petition for stepparent adoption, which was also pending before the superior court. That petition has been stayed pending the conclusion of this appeal.

Because this is a legitimation action, the superior court lacked jurisdiction to terminate Chandler's parental rights. See OCGA § 15-11-28 (a) (2) (C);[2] *Alexander v. Guthrie*, 216 Ga. App. 460, 462 (2) (454 SE2d 805) (1995) (superior court has jurisdiction to consider termination of the rights of a putative father only in connection with adoption proceedings). See *Brine v. Shipp*, 291 Ga. 376 (729 SE2d 393) (2012) (in divorce action, superior court lacked jurisdiction to terminate the parental rights of the legal father in connection with allowing the biological father to legitimate the child). "When a trial court enters a judgment where it does not have jurisdiction, such judgment is a mere nullity; but an appeal from such an illegal judgment will not be dismissed but instead, the void judgment will be reversed."

[2] OCGA § 15-11-28 (a) (2) (C) provides:

> (a) . . . Except as provided in subsection (b) of this Code section, the [juvenile] court shall have exclusive original jurisdiction over juvenile matters and shall be the sole court for initiating action: . . . (2) Involving any proceedings: . . . (C) For the termination of the legal parent-child relationship and the rights of the biological father who is not the legal father of the child, other than that in connection with adoption proceedings under Article 1 of Chapter 8 of Title 19, in which the superior courts shall have concurrent jurisdiction to terminate the legal parent-child relationship and the rights of the biological father who is not the legal father of the child.

2

(Citations and punctuation omitted.) *In the Interest of A. D. B.*, 232 Ga. App. 697, 698 (503 SE2d 596) (1998). Therefore, insofar as the superior court purports to terminate Chandler's parental rights, the judgment and subsequent denial of motion for new trial are hereby reversed.

Chandler also contends that the superior court erred when it denied his motion for new trial without having held an oral hearing.[3]

> [Our Supreme Court] has held that Uniform Superior Rule 6.3 requires, unless otherwise ordered by the court, that a motion for new trial in a civil action shall be decided by the trial court only after an oral hearing, even if the moving party does not request such a hearing. Moreover, if the trial court denies a motion for new trial in a civil case without issuing an order excepting the motion from this procedural requirement and without holding the mandatory hearing, the error will not be deemed harmless on appeal; instead the order denying the motion must be reversed and the case remanded with direction that the trial court comply with Rule 6.3 before disposing of the motion.

---

[3] Because issues other than those pertaining to the termination of parental rights were raised in this motion, we must address this issue.

(Citations, punctuation, and footnote omitted.) *Triola v. Triola*, 292 Ga. 808, 808 (741 SE2d 650) (2013).[4] See *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 592 (690 SE2d 397) (2010).

In this case, the superior court did not hold an oral hearing before ruling on Chandler's motion for new trial, nor did the court enter any order excepting the motion from the Rule 6.3 requirements.[5] Accordingly, we must reverse the superior court's order denying the motion for new trial. Thus, the case is remanded and the superior court is directed to comply with Rule 6.3 before ruling on the remaining issues in Chandler's motion for new trial. We do not reach Chandler's remaining enumerations as the issues raised must be asserted in the superior court on remand. *Triola*, 292 Ga. at 808.

---

[4] Uniform Superior Court Rule 6.3 provides:

Unless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, except motions for new trial and motions for judgment notwithstanding the verdict.

[5] None of the superior court's orders referenced Rule 6.3 or Chandler's right to an oral hearing on his motion for new trial.

*Judgment reversed and case remanded with direction. Andrews, P. J., and Dillard, J., concur.*