MCFADDEN, Judge,
dissenting.
I agree that the trial court erred in failing to give the appellant an opportunity to respond to the amended motion to dismiss and supporting affidavit filed by the appellee and consequently that the dismissal of the underlying appeal is unsustainable. But I disagree with the majority about the appropriate disposition of this case. The majority limits itself to an issue two steps removed from the underlying termination of parental rights. The majority does not reach the merits of the dismissal order on appeal, but instead vacates that order and remands for further consideration of the merits of the motion to dismiss. Ordinarily, I would agree that that is what we must do. But in this case the appellee, the adoptive father, now asks us to reverse. The nature and circumstances of this case are such that his unusual request should be granted.
In a supplemental brief to this court, the adoptive father (who appears to speak for the children’s mother as well as himself) disavows the tone and substance of his earlier filings. He confesses error and asks us to reverse. He admits in judicio that he has not been prejudiced —• a proposition about which he can speak with authority. And he asserts that the children’s best interests would be subserved by prompt review of the merits of the termination of their natural father’s parental rights — a proposition about which he is plainly right.
This is the second time we have reversed in this case. Chandler v. Rohner, 323 Ga. App. 713 (747 SE2d 870) (2013). A review of the *801 briefs in that earlier case suggests that the termination of parental rights may well have been error. Such error is a matter of the utmost seriousness.
There can scarcely be imagined a more fundamental and fiercely guarded right than the right of a natural parent to its offspring. To terminate that right is to sever that right for the future as effectively in law as if it never had existed. It is a tearing of the flesh and it can be done by the court only under the most carefully controlled and regulated circumstances for the sake of the child.
Nix v. Dept. of Human Resources, 236 Ga. 794, 795 (225 SE2d 306) (1976).
In the first appeal in this case, we reversed because the trial judge had terminated the natural father’s parental rights when termination was not properly before him and had failed to hold an oral hearing before ruling on the natural father’s motion for new trial. This time we reverse because the trial court failed to give the natural father notice and opportunity to be heard as to the adoptive father’s post-hearing submissions. Remanding to allow the trial court to address the dismissal issue a second time would create the possibility of a third appeal before the merits are reached — and consequently the further possibility that the merits would come to us in a fourth appeal.
Every appeal represents roughly an additional year of litigation. In any sort of case, the prospect of such additional delay would be antithetical to considerations of judicial economy and to the goal of a just and expeditious resolution. And we expedite cases involving child custody and termination of parental rights for good reasons.
It is true generally that trial courts
have a duty which carries with it a commensurate power far greater than that accorded to the appellate courts. “Ours is a function merely to see that the law is followed. Theirs is the solemn responsibility to see to it that justice is administered according to the evidence as well as the law.” Mills v. State, 188 Ga. 616, 623 (4 SE2d 453) (1939).
Ogletree v. Navistar Intl. Transp. Corp., 221 Ga. App. 363, 365 (471 SE2d 287) (1996). But under the unique circumstances of this case, we have the authority and the duty to see that justice is done and the best interests of these children are subserved.
*802 Decided November 20, 2015.
Matthew S. Chandler, pro se.
Lindsey Law Firm, Scott D. Bennett, for appellee.
Consequently the judgment of the trial court should be reversed, the appellee’s confession of error should be adopted, and the underlying appeal should be reinstated.
I am authorized to state that Presiding Judge Barnes concurs in the judgment of the dissent.