## A16A1120. GATEWAY COMMUNITY SERVICE BOARD v. BONATI.
### (793 SE2d 111)

PHIPPS, Presiding Judge.

In January 2015, the trial court entered a final judgment in favor of Frank Bonati on a petition for declaratory judgment filed by Gateway Community Service Board ("Gateway") and in favor of Bonati on his counterclaims for damages and attorney fees. Gateway filed a motion for new trial, which the trial court denied. On appeal, Gateway claims, inter alia, that the trial court erred in failing to hold a hearing before denying its motion for new trial. We agree.

1. "Uniform Superior Court Rule 6.3 requires, unless otherwise ordered by the court, that a motion for new trial in a civil action shall be decided by the trial court only after an oral hearing, even if the moving party does not request such a hearing."[1] Where "the trial court denies a motion for new trial in a civil case without issuing an order excepting the motion from this procedural requirement, and without holding the mandatory hearing," we must reverse the case and remand for the trial court to comply with Rule 6.3 before disposing of the motion.[2]

The record contains no evidence of a hearing in this case, and Bonati does not contend on appeal that a hearing was, in fact, held.

---

[1] *Triola v. Triola*, 292 Ga. 808 (741 SE2d 650) (2013) (citations and punctuation omitted).

[2] Id. (citation and punctuation omitted).

Moreover, the order denying the motion for new trial does not reference Rule 6.3 or Gateway's right to an oral hearing, and the court did not enter any other order excepting the motion from oral argument.[3] We must therefore reverse and remand for further proceedings.[4]

2. Given our ruling in Division 1, supra, we do not address Gateway's other enumerated errors.[5]

*Judgment reversed and case remanded. Dillard and Peterson, JJ., concur.*

DECIDED OCTOBER 25, 2016.

*Owen Gleaton Egan Jones & Sweeney, Charles J. Cole*, for appellant.

*The Sanders Law Firm, Richard D. Sanders, Adam M. Walters; Robert W. Guy, Jr.*, for appellee.

[3] See id.

[4] See id.

[5] See *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 592 (2) (690 SE2d 397) (2010).