**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 25, 2016**

# In the Court of Appeals of Georgia

A16A1120. GATEWAY COMMUNITY SERVICE BOARD v.
  BONATI.

PHIPPS, Presiding Judge.

In January 2015, the trial court entered a final judgment in favor of Frank Bonati on a petition for declaratory judgment filed by Gateway Community Service Board ("Gateway") and in favor of Bonati on his counterclaims for damages and attorney fees. Gateway filed a motion for new trial, which the trial court denied. On appeal, Gateway claims, inter alia, that the trial court erred in failing to hold a hearing before denying its motion for new trial. We agree.

1. "Uniform Superior Court Rule 6.3 requires, unless otherwise ordered by the court, that a motion for new trial in a civil action shall be decided by the trial court

only after an oral hearing, even if the moving party does not request such a hearing."[1] Where "the trial court denies a motion for new trial in a civil case without issuing an order excepting the motion from this procedural case, and without holding the mandatory hearing," we must reverse the case and remand for the trial court to comply with Rule 6.3 before disposing of the motion.[2]

The record contains no evidence of a hearing in this case, and Bonati does not contend on appeal that a hearing was, in fact, held. Moreover, the order denying the motion for new trial does not reference Rule 6.3 or Gateway's right to an oral hearing, and the court did not enter any other order excepting the motion from oral argument.[3] We must therefore reverse and remand for further proceedings.[4]

2. Given our ruling in Division 1, supra, we do not address Gateway's other enumerated errors.[5]

*Judgment reversed and case remanded. Dillard and Peterson, JJ., concur.*

---

[1] *Triola v. Triola*, 292 Ga. 808 (741 SE2d 650) (2013) (citations and punctuation omitted).

[2] Id. (citation and punctuation omitted).

[3] See id.

[4] See id.

[5] See *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 592 (2) (690 SE2d 397) (2010).

2