**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY, P. J., and SELF, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**August 2, 2017**

# In the Court of Appeals of Georgia

A17A1255. LEONE v. GRIFFIN.

DILLARD, Chief Judge.

In this custody dispute, Ashley David Leone appeals from the trial court's denial of his motion for new trial, contending that the court erred in denying his motion without holding a hearing. For the reasons set forth *infra*, we reverse the trial court's denial of Leone's motion for new trial and remand the case for further proceedings consistent with this opinion.

Leone and Melissa Griffin have one child, born in February 2014. Shortly after the child's birth, Leone filed a petition for legitimation. Following a lengthy hearing, on August 26, 2015, the trial court issued a final order on legitimation and temporary order on child custody and support, granting Leone's petition for legitimation, granting him visitation, and ordering him to pay child support.

In September 2015, Leone filed a timely motion for new trial or, in the alternative, motion for reconsideration, in which he asked the court to modify his child-support obligation. Thereafter, on May 5, 2016, without acknowledging Leone's September 2015 motion, the trial court issued a final order on custody and visitation, granting Griffin primary physical custody and incorporating the visitation schedule from the parties' parenting plan. In June 2016, Leone filed another timely motion for new trial or, in the alternative, motion for reconsideration, in which he requested that the trial court modify its custody order to award him primary physical custody or joint physical custody, modify his child-support obligation, clarify the parenting plan, and award him attorney fees. Leone specifically asked that the trial court "hold a hearing" on his motion for new trial and "consider witness testimony and documentary evidence on these issues[.]"

On January 6, 2017, without holding a hearing, the trial court ordered that Leone's child-support obligation be modified, denied his request for attorney fees, and denied his motion for new trial. Leone filed a timely application for discretionary review, which this Court granted. This appeal follows.

Leone contends that the trial court erred in denying his motion for new trial without holding a hearing. Griffin concedes that the trial court's order denying Leone's motion for new trial must be reversed, and we agree.

As our Supreme Court has made clear, "Uniform Superior Court Rule 6.3 requires a trial court to hold an oral hearing on all motions for new trial in civil cases, unless otherwise specifically ordered by the court."[1] And if the trial court denies a motion for new trial "without issuing an order excepting the motion from this procedural requirement and without holding the mandatory hearing, the error will not be deemed harmless on appeal[.]"[2] Indeed, to hold otherwise would "not encourage

---

[1] *Brown v. Brown*, 294 Ga. 475, 476 (754 SE2d 362) (2014) (citation omitted); *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 592 (2) (690 SE2d 397) (2010) (noting that "a motion for new trial 'shall be decided' after an 'oral hearing'"); *see also* Uniform Superior Court Rule 6.3 ("Unless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, except motions for new trial and motions for judgment notwithstanding the verdict.").

[2] *Triola v. Triola*, 292 Ga. 808, 808 (741 SE2d 650) (2013) (punctuation omitted); *see PHF II Buckhead LLC v. Dinku*, 315 Ga. App. 76, 80 (2) (726 SE2d 569) (2012) ("[T]he appellate courts of Georgia have consistently refused to find that the failure to hold oral argument is harmless error[.]" (punctuation omitted)).

adherence to the Uniform Rules and would render the mandated hearing a hollow right."[3]

Here, the trial court did not issue an order excepting Leone's June 2016 motion from this procedural requirement. Nevertheless, the trial court denied the motion without holding the mandatory hearing. Thus, the trial court erred in denying Leone's motion for new trial.[4] Accordingly, we reverse the portion of the trial court's January 6, 2017 order denying Leone's motion for new trial and remand the case with direction that the court comply with Uniform Superior Court Rule 6.3 before ruling on the motion.[5]

*Judgment reversed and case remanded. Ray, P. J. and Self, J., concur.*

---

[3] *Kuriatnyk*, 286 Ga. at 592 (2) (punctuation omitted); *accord PHF II Buckhead LLC*, 315 Ga. App. at 80-81 (2).

[4] *Triola*, 292 Ga. at 808; *Kuriatnyk*, 286 Ga. at 592 (2); *PHF II Buckhead LLC*, 315 Ga. App. at 81 (2).

[5] *See Brown*, 294 Ga. at 476 (reversing and remanding with direction that the trial court comply with Uniform Superior Court Rule 6.3); *Triola*, 292 Ga. at 808-09 (same); *Kuriatnyk*, 286 Ga. at 592 (2) (reversing and remanding with direction that the trial court conduct a hearing on party's motion for new trial); *PHF II Buckhead LLC*, 315 Ga. App. at 80-81 (2) (same).