**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 23, 2021**

# In the Court of Appeals of Georgia

A21A0746. NORROD v. WILLINGHAM.

MCFADDEN, Presiding Judge.

This appeal challenges a trial court order finding that a motion for new trial was untimely and denying the motion without holding a hearing. The trial court erred in so finding because the order denominated "Final Order" reserved the issue of attorney fees, and the motion for new trial was timely filed after the subsequent order resolving that issue. Because the trial court erred in finding that the motion was untimely and in failing to hold a hearing on the motion as required by Uniform Superior Court Rule 6.3, we reverse the order and remand the case with direction that the trial court hold a hearing on the timely motion.

1. *Facts and procedural posture.*

Jonathan Norrod and Ashton Willingham were divorced in 2014. The final divorce decree awarded them joint legal custody of their minor child; gave primary physical custody of the child to Willingham; and required Norrod to pay $440 in monthly child support, which was increased to $574 per month in 2015. In 2018, Willingham filed a petition to modify visitation and child support and to hold Norrod in contempt, and Norrod counterclaimed for modification of child support. After a bench trial, the court entered a purported "Final Order" on August 5, 2020, which increased Norrod's child support obligation to $677 per month; found Norrod in contempt, but did not impose punishment; and reserved the issue of attorney fees for later determination, directing the parties to submit briefs on the issue and indicating that the court would enter a separate order on attorney fees. On August 31, 2020, the court issued its separate order on attorney fees, awarding Willingham a total of $23,223 in such fees pursuant to OCGA §§ 9-11-37, 9-15-14 (a) and (b), 19-6-15, and 19-9-3. On September 30, 2020, Norrod filed a motion for new trial on grounds that the judgment was contrary to the law and evidence and that the attorney fees awarded were excessive. Two weeks later, without holding a hearing on Norrod's motion for new trial, the court entered an order denying the motion on the ground that it was

untimely since it was filed more than 30 days after the August 5 order. Norrod filed an application for discretionary appeal, which was granted, and this appeal followed.

2. *Failure to hold a hearing.*

Norrod asserts that the trial court erred by failing to conduct a hearing before it denied his motion for a new trial. We agree.

> Uniform Superior Court Rule 6.3 requires, unless otherwise ordered by the court, that a motion for new trial in a civil action shall be decided by the trial court only after an oral hearing, even if the moving party does not request such a hearing. Moreover, . . . if the trial court denies a motion for new trial in a civil case without issuing an order excepting the motion from this procedural requirement, and without holding the mandatory hearing, the error will not be deemed harmless on appeal; instead, the order denying the motion must be reversed and the case remanded with direction that the trial court comply with Rule 6.3 before disposing of the motion.

*Triola v. Triola*, 292 Ga. 808 (741 SE2d 650) (2013) (citations, footnote, and punctuation omitted). See also *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 592 (2) (690 SE2d 397) (2010).

Here, the trial court did not hold the mandatory hearing before denying Norrod's motion for new trial. The court's order of denial did not refer to Rule 6.3 or Norrod's right to a hearing, and there is no indication that the court issued a separate order excepting the motion from the oral hearing requirement. Instead, the trial court

3

apparently determined that no hearing was required based on its finding that the motion was untimely since it had been filed more than 30 days after the August 5, 2020 "Final Order." See OCGA § 5-5-40 (a) ("All motions for new trial, except in extraordinary cases, shall be made within 30 days of the entry of the judgment on the verdict or entry of the judgment where the case was tried without a jury.")

But contrary to the trial court's finding, even though the August 5, 2020 order was labeled a "Final Order," it was not actually a final judgment because it expressly reserved the pending issue of attorney fees for determination in a later order. As our Supreme Court has explained, there is no final judgment and

> a case remains pending in the trial court where that court has explicitly reserved issues related to costs and attorney fees for future judgment. See *Islamkhan v. Khan*, 299 Ga. 548, 550 (1) (787 SE2d 731) (2016) ("despite being titled 'Final Order of Divorce,' the trial court's order, which specifically reserved resolution of the attorney fees issue for further order of the court, was not a final judgment"); *Jarvis v. Jarvis*, 291 Ga. 818, 819 (1) (733 SE2d 747) (2012) ("because the trial court reserved the matter of attorney's fees, the final decree of divorce was not a final judgment as of its issuance"); *Miller v. Miller*, 288 Ga. 274, 282 (4) (705 SE2d 839) (2010) ("there was no final judgment until the reserved issues of attorney fees . . . [was] resolved").

*Edokpolor v. Grady Mem. Hosp. Corp.*, 302 Ga. 733, 734-735 (808 SE2d 653) (2017) (punctuation omitted). See also *Gordon v. Abrahams*, 330 Ga. App. 795, 798-799 (3)

4

(a) (769 SE2d 544) (2015) (there was no final judgment until the reserved issue of attorney fees was later resolved); *CitiFinancial Svcs. v. Holland*, 310 Ga. App. 480, 481 (713 SE2d 678) (2011) (trial court order that left claim for attorney fees pending was not a final judgment).

In this case, there was no final judgment until the trial court entered its order resolving the reserved issue of attorney fees on August 31, 2020. Since Norrod's September 30, 2020 motion for new trial was filed within 30 days of the entry of that order, the motion was timely. So the trial court erred when it determined that the motion for new trial was untimely and when it failed to hold the mandatory hearing on the timely motion. We therefore reverse the denial of the motion for new trial and remand the case with direction that the trial court hold a hearing on the motion as required by Rule 6.3. See *Triola*, supra at 808-809.

3. *Remaining enumerations of error.*

Because of our holding above, we do not reach Norrod's other enumerations of error concerning the merits of the motion "as the issues raised thereby must be asserted in the trial court on remand." *Triola*, supra at 809 (citation and punctuation omitted).

*Judgment reversed and cased remanded with direction. Rickman, C. J., and*

*Senior Appellate Judge Herbert E. Phipps concur.*