**FIRST DIVISION**
**BARNES, P. J.,**
**LAND and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 10, 2024**

# In the Court of Appeals of Georgia

A23A1544. XFINITY MOBILE et al. v. RISHER.

LAND, Judge.

In January 2021, Carrie W. Risher filed suit against Xfinity Mobile and Comcast of Georgia/Pennsylvania, LLC ("Comcast"), alleging that the company took money from her bank account after she stopped receiving services. Comcast appeals from the superior court's order denying its motion for new trial, arguing that the superior court erred in, among other things, failing to grant Comcast a hearing on its motion for new trial. We agree and reverse.

The record shows that in January 2021, Risher filed suit in magistrate court against Comcast, alleging that Comcast had wrongfully withdrawn $560 from her bank

account despite the termination of her account.[1] Risher sought $560 in damages, punitive damages of not less than $10,000, and attorney fees of not less than $4,000. A sheriff's deputy personally served the complaint on Comcast's registered agent in Lawrenceville, and Comcast filed a timely answer through its non-attorney employee.[2]

The magistrate court initially entered a default judgment against Comcast, but in August 2021, the magistrate court granted Comcast's motion to set aside the default judgment. In December 2021, the magistrate court held a hearing at which Comcast appeared, and the magistrate court entered judgment in favor of Comcast on December 31, 2021.

On January 18, 2022, Risher appealed the judgment to the superior court and certified that a true and correct copy of the notice of appeal was sent by mail to Comcast's registered agent in Lawrenceville. According to the notice of filing issued by the superior court, further notices were sent care of Comcast's non-attorney employee to a Brunswick address unaffiliated with Comcast. Comcast averred that it

---

[1] Risher filed a second action against Comcast in the magistrate court, and the magistrate court entered judgment in favor of Risher for $1,500 in that second action. Comcast does not appeal this ruling.

[2] See *Eckles v. Atlanta Technology Group*, 267 Ga. 801, 806-807 (485 SE2d 22) (1997).

did not receive any notice of the appeal or any notices from the clerk of superior court about the appeal until December 19, 2022, when its registered agent received an order rescheduling a "hearing" for December 28, 2022.

On December 21, Comcast informed the superior court clerk's office that Comcast had not received any notice of the appeal or any subsequent pleadings or notices sent to the Brunswick address. On December 22, Comcast requested a continuance via email so that Comcast could find counsel,[3] and the clerk indicated that the request would be forwarded to the superior court. During this time, Comcast attempted to retain legal representation but was unable to do so. On December 28, the morning of the scheduled hearing, the clerk informed Comcast that it would need to electronically file its request for a continuance. The Comcast employee, who was "unfamiliar" with Georgia's e-filing system, was unable to do so prior to the hearing. Comcast's request for continuance was denied and a bench trial was held that day; Comcast did not appear as it had yet to retain local counsel. The superior court struck Comcast's answer due to Comcast's failure to appear "despite proper notice" of the hearing and held a bench trial regarding Risher's damages. The superior court entered

---

[3] See *Eckles*, 267 Ga. at 805 (2).

judgment in Risher's favor, granting $10,000 in actual damages, $25,000 in punitive damages, $10,000 in attorney's fees, and $312 in costs. Comcast filed a motion for new trial, which was denied four days later without a hearing. This Court granted Comcast's application for discretionary appeal.

1. Comcast argues that the superior court erred in failing to grant Comcast a hearing on its motion for new trial. We agree.

"Uniform Superior Court Rule 6.3 requires, unless otherwise ordered by the court, that a motion for new trial in a civil action shall be decided by the trial court only after an oral hearing, *even if the moving party does not request such a hearing*." (Punctuation omitted; emphasis supplied.) *Triola v. Triola*, 292 Ga. 808, 808 (741 SE2d 650) (2013). "[I]f the trial court denies a motion for new trial in a civil case without issuing an order excepting the motion from this procedural requirement, and without holding the mandatory hearing, the error will not be deemed harmless on appeal; instead, the order denying the motion must be reversed and the case remanded with direction that the trial court comply with Rule 6.3 before disposing of the motion." (Citation and punctuation omitted.) Id.

In this case, it is undisputed that the trial court did not hold a hearing on Comcast's motion for new trial. The trial court's order denying the motion does not refer to Rule 6.3 or to Comcast's right to a hearing, and there is no separate order excepting the motion from the oral-hearing requirement in the record. Under these circumstances, the failure to hold a hearing is reversible error, and "we must reverse the trial court's judgment and remand the case with direction that the court comply with Rule 6.3 before ruling on [Comcast's] motion for new trial." See *Triola*, 292 Ga. at 808.

2. Because we reverse the trial court's denial of Comcast's motion for new trial on procedural grounds, we do not consider Comcast's other arguments on appeal . See *Triola*, 292 Ga. at 808-809 ("We do not reach [appellant's] enumerations addressing the merits of the trial court's ruling on the motion for new trial, as the issues raised thereby must be asserted in the trial court on remand.") (citation and punctuation omitted).

*Judgment reversed. Barnes, P. J., and Watkins, J., concur.*