**FOURTH DIVISION**
**DILLARD, P. J.,**
**BROWN and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

August 19, 2024

# In the Court of Appeals of Georgia

A24A0985. LONG v. CITY OF MADISON.

BROWN, Judge.

James Cleveland Long challenges the superior court's denial of his appeal of a probate court order determining that his dog was dangerous and ordering the dog to be euthanized. But there is nothing in the record before this Court showing that the probate court order which Long sought to appeal to the superior court was filed with the probate court before Long filed his notice of appeal with the superior court on November 17, 2022. In fact, in the record before this Court, the only copy of the probate court order which is file-stamped from the probate court states that it was filed on "October 12, 2024." The "October 12, 2024" order was not part of the

original record in this appeal, but was provided upon a request from this Court to supplement the record with the file-stamped probate court order.[1]

Because the probate court order was not filed in probate court as of the date of the superior court appeal, no appealable decision had been entered, no order was in place regarding Long's dog, and the case remained in the probate court. See OCGA § 5-6-31; cf. *Cameron v. Miles*, 304 Ga. App. 161, 162-163 (695 SE2d 691) (2010) (an order does not become final and appealable "until and unless it is reduced to writing, signed by the judge, and filed with the clerk"); see also *Sharp v. State*, 183 Ga. App. 641, 642 (1) (360 SE2d 50) (1987) ("It is elementary that an oral order is not final nor appealable until and unless it is reduced to writing, signed by the judge, and filed with the clerk."). Moreover, given the circumstances in this case — particularly, this

[1] To sum up, the record before us shows that a file-stamped probate court order was never filed in the superior court. Only upon the request of this Court for the record to be supplemented did a file-stamped order appear, but it was dated for the future. Thus, it seems that a probate court employee may have attempted to backdate the order to the date it was signed by the probate court judge, October 12, 2022, but inadvertently dated it for the current year. This Court is extremely troubled that an employee of the Probate Court of Morgan County attested that the probate court's order was filed in that court on a date in the future. If this employee had instead handwritten the date as October 12, 2022, the date the probate judge signed the order, and the order had *not* in fact been entered on that day, the appellant in this case may have unjustly lost his appeal rights because he filed his notice of appeal in the Probate Court of Morgan County on November 17, 2022, more than 30 days later.

2

Court's attempt to supplement the record — the provisions of OCGA § 5-6-48 (d) regarding supplementing an appellate record are not applicable.

Accordingly, the superior court lacked jurisdiction over Long's appeal because the case was still pending in the probate court. When a judgment has been rendered by a court having no jurisdiction of the subject matter, this Court will reverse the judgment. See *Chandler v. Rohner*, 323 Ga. App. 713, 714 (747 SE2d 870) (2013) (when trial court lacking jurisdiction enters a judgment, the judgment is a nullity and must be reversed). Accordingly, we reverse the superior court's order denying Long's probate court appeal and remand the case to the superior court with direction to dismiss the appeal from probate court.

On July 19, 2024, counsel for the City filed a suggestion of death for the appellant, James Cleveland Long, Jr., in this appeal. See Court of Appeals Rule 43 (a). While it is true that a deceased person cannot be a party to legal proceedings, *Temples v. Hitson*, 369 Ga. App. 767, 770 (894 SE2d 510) (2023), the legal proceeding presently before this Court, as well as the one before the Superior Court of Morgan County, is void based on a lack of jurisdiction. As the record contains no order entered by the Probate Court of Morgan County, the case is currently pending in the Probate Court

of Morgan County. Accordingly, a suggestion of death should be filed with that court following the return of the remittitur and the probate court should comply thereafter with the procedures set forth in OCGA § 9-11-25 (a).

*Judgment reversed and case remanded with direction. Dillard, P. J., and Padgett, J., concur.*