**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**December 6, 2024**

# In the Court of Appeals of Georgia

A24A1232. IN THE INTEREST OF L. A. D. H., A CHILD (MOTHER).

A24A1268. IN THE INTEREST OF L. A. D. H., A CHILD (FATHER).

HODGES, Judge.

In these related cases, the record shows that L. A. D. H. was removed from her mother's custody and placed with the Gwinnett County Department of Family and Children Services after the newborn tested positive for amphetamines and the mother admitted to using illegal drugs. During the course of the proceedings, the putative father filed a petition for legitimation, and DFCS filed a petition to terminate the parents' rights. Following an evidentiary hearing, the juvenile court "denied and dismissed" the putative father's petition for legitimation and terminated the parental rights of the parents. The mother and putative father filed timely motions for new

trial, arguing, inter alia, that the evidence did not support the court's decision and requesting an evidentiary hearing. In a single order, the trial court summarily denied both motions without holding a hearing. The mother appeals in Case No. A24A1232, and the father appeals in Case No. A24A1268. Because the juvenile court failed to hold a hearing on the mother's motion for new trial, we must reverse the court's single order denying the motions for new trial and remand both cases with direction that a hearing be conducted before any new judgment is entered.

*Case No. A24A1232*

1. On appeal, the mother argues, among other things, that the juvenile court erred in failing to hold a hearing, which she undisputedly requested, before denying her motion for new trial. Both the Department of Human Services and the guardian ad litem concede the error and urge this Court to remand the case. We agree that the juvenile court's order must be reversed and the case remanded for the trial court to hold a hearing on the motion for new trial.

It is well-settled that "[a] movant for a new trial is entitled to a hearing on his or her motion. This right is grounded both in OCGA § 5-5-40 and in constitutional requirements for procedural due process." (Citation and punctuation omitted.) *In the*

2

*Interest of J. D. H.*, 365 Ga. App. 36, 37 (877 SE2d 292) (2022); *In the Interest of M. I.*, 344 Ga. App. 172, 172-173 (809 SE2d 540) (2017). Where the juvenile court fails to hold a requested hearing, we must reverse the court's order denying the motion for new trial and remand the case with direction that a hearing be conducted:

> Absent a waiver, a movant for new trial is entitled to a hearing on the motion in the trial court before a ruling is made thereon; and if the movant's right to such a hearing has been denied, we must return the case to the trial court for a hearing and disposition of the motion before the merits of the remaining claims of error are addressed.

(Citations and punctuation omitted.) *In the Interest of M. I.*, 344 Ga. App. at 173; see also *Triola v. Triola*, 292 Ga. 808 (741 SE2d 650) (2013) ("[I]f the trial court denies a motion for new trial in a civil case . . . without holding the mandatory hearing, the error will not be deemed harmless on appeal; instead, the order denying the motion must be reversed and the case remanded with direction that the trial court" hold a hearing.) (citations and punctuation omitted).

Here, the mother filed a timely motion for new trial that raised arguments regarding the juvenile court's evidentiary findings, which is a proper claim of error in such a motion. See *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 591 (2) (690 SE2d 397)

(2010) ("A motion for a new trial is a proper means of seeking a retrial or reexamination, in the same court, of an issue of fact, or of some part or portion thereof, after decision by a jury or a decision by the court thereon.") (citation and punctuation omitted); compare *In the Interest of M. O.*, 233 Ga. App. 125, 129 (2) (a) (503 SE2d 362) (1998) (affirming juvenile court's deprivation order, even though court did not hold hearing on father's motion for new trial, where on appeal father failed to state proper grounds for new trial). In addition, the mother expressly requested a hearing on her motion, and there is no evidence that she thereafter waived that right. Accordingly, the mother was entitled to a hearing on her motion for new trial. The juvenile court's order denying the mother's motion for new trial must be reversed and the case remanded with direction that a hearing be conducted. *In the Interest of J. D. H.*, 365 Ga. App. at 37; accord *Triola*, 292 Ga. at 808-809.

2. We note that although the mother argues the merits of her contentions regarding the underlying orders in this appeal, the case "must be returned to the juvenile court for a hearing and disposition of the motion [for new trial] before the merits of the remaining claims of error are addressed." (Citation and punctuation

omitted.) *In the Interest of J. D. H.*, 365 Ga. App. at 37-38; accord *Triola*, 292 Ga. at 809. We therefore do not reach the mother's remaining enumerations of error.

*Case No. A24A1268*

3. In this appeal, the putative father challenges the same trial court order at issue in Case No. A24A1232. Because that order is being reversed and the case remanded for further proceedings, we need not address the putative father's arguments separately. See *Trident Wholesale v. Brown*, 370 Ga. App. 505, 512 (3) (897 SE2d 610) (2024).

*Judgment reversed and cases remanded with direction. Doyle, P. J., and Watkins, J., concur.*