# Court of Appeals
# of the State of Georgia

ATLANTA,  December 17, 2025

*The Court of Appeals hereby passes the following order:*

## A26A0789. CAMILLE BENSON v. JOHN DOE.

In 2021, proceeding under an uninsured/underinsured motorist theory, Camille Benson filed a complaint against Standard Fire Insurance Company ("Standard Fire") and John Doe. Standard Fire filed a motion for summary judgment, which the trial court granted in 2023. Benson appealed and, in an unpublished opinion, this Court affirmed. See *Benson v. Standard Fire Ins. Co.*, Case No. A24A1661 (Dec. 30, 2024). In doing so, this Court rejected Benson's argument that the trial court's summary judgment order contained a clerical error. The remittitur was filed in the trial court, which ruled that Standard Fire would be removed from the case as a defendant and the matter against the John Doe defendant would be placed on the calendar for a damages hearing.

In August 2025, Benson filed a motion seeking relief from the 2023 entry of summary judgment, requesting that the trial court set aside that order. On September 12, 2025, the trial court denied Benson's motion, determining that she sought to re-open a resolved case. In the same order, the court also entered a $150,000 final judgment against the John Doe defendant.

Also on September 12, Benson filed a motion requesting that the trial court rule on her 2023 motion to correct a clerical error. On September 19, 2025, the trial court denied Benson's "motion to amend . . . the summary judgment order," stating "[t]his case remains closed." Benson then filed a "Renewed Request for Ruling/Clarification," again requesting that the trial court address her 2023 motion. On October 1, 2025, the trial court issued an order denying Benson's motion to

correct a clerical error and again noted that the case was closed. On October 20, 2025, Benson filed this direct appeal. This Court, however, lacks jurisdiction.

First, in the previous appearance of this case, this Court rejected Benson's argument that the summary judgment ruling contained a clerical error; thus her argument to that effect in the instant appeal is barred by res judicata. "It is axiomatic that the same issue cannot be relitigated ad infinitum. The same is true of appeals of the same issue on the same grounds." *Jordan v. State*, 253 Ga. App. 510, 512 (2) (559 SE2d 528) (2002) (punctuation omitted). See also *PHF II Buckhead LLC v. Dinku*, 315 Ga. App. 76, 78–79 (1) (726 SE2d 569) (2012) (a decision of this Court constitutes res judicata, and bars subsequent appeals from the same judgment). To the extent that Benson's motion more broadly requested that the clerical error be corrected in all of the pleadings, the motion was rendered moot by this Court's previous affirmance. See *Richards v. Wells Fargo Bank, N.A.*, 325 Ga. App. 722, 726 (5)(b) (754 SE2d 770) (2014) (for appellate purposes, a motion is moot if a ruling would have no practical effect on the case); OCGA § 5-6-48 (b)(3) (an appeal may be dismissed when the questions presented have become moot).

Secondly, assuming arguendo that Benson could appeal the trial court's September 12, 2025 final judgment against John Doe, Benson's October 20, 2025 notice of appeal was filed 38 days after entry of that judgment and was untimely. See OCGA § 5-6-38(a) (notice of appeal generally must be filed within 30 days after entry of the decision or judgment to be challenged). "[T]he proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." See *Bell v. Cohran*, 244 Ga. App. 510, 510 (536 SE2d 187) (2000) (punctuation omitted).

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,\_\_\_12/17/2025_____*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*